**ALD-268**                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2184
_____

COMMONWEALTH OF PENNSYLVANIA

v.

DR. CHANDAN S. VORA,

                                        Appellant
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 11-cv-00063)
District Judge:  Honorable Gustave Diamond

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
August 18, 2011

Before:  SCIRICA, HARDIMAN and VANASKIE, Circuit Judges

(Opinion filed : August 29, 2011 )
_____

OPINION
_____

PER CURIAM

        Dr. Chandan S. Vora appeals pro se from the District Court's sua sponte dismissal

of her "petition for removal."  For the reasons that follow, we will summarily affirm the

District Court's judgment.

In the "petition for removal," Dr. Vora alleged that officials in the City of Johnstown discriminated against her and violated her civil rights. The attached exhibits suggest that Dr. Vora's allegations stem from a criminal complaint, issued by the Johnstown Police Department in February 2011, charging her with risking a catastrophe after she allegedly started a fire inside her house. The District Court granted Dr. Vora's application to proceed in forma pauperis, but concluded that her "allegations . . . seek to attack state court proceedings over which this court lacks jurisdiction and otherwise fail to state a claim upon which relief can be granted." See Younger v. Harris, 401 U.S. 37 (1971) (holding that federal courts will not intervene in ongoing state criminal prosecution absent exceptional circumstances). Accordingly, the District Court dismissed the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Dr. Vora filed a motion for reconsideration, which the District Court denied. Dr. Vora appealed.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. Our review of the District Court's sua sponte dismissal of Dr. Vora's "petition for removal" is plenary. Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). "We [also] exercise plenary review over the legal determinations of whether the requirements for Younger abstention have been met and, if so, we review the district court's decision to abstain for abuse of discretion." FOCUS v. Allegheny Cnty. Court of Common Pleas, 75 F.3d 834, 843 (3d Cir. 1996). We may take summary action when an appeal presents no substantial question, see 3d Cir. LAR 27.4; 3d Cir. IOP 10.6., and may affirm on any ground

2

supported by the record.  Brown v. Pa. Dep't of Health Emergency Med. Servs., 318 F.3d 473, 475 n.1 (3d Cir. 2003).

Upon de novo review of the record and careful consideration of Dr. Vora's submissions in this Court, we conclude that there is no substantial question presented on appeal and that summary action is warranted.  See LAR 27.4 and I.O.P. 10.6.  In Younger, the Supreme Court recognized that the "longstanding public policy against federal court interference with state court proceedings" generally requires federal courts to abstain from involvement in state criminal proceedings.  Younger, 401 U.S. at 43–44. "[T]he Younger doctrine allows a district court to abstain, but that discretion can properly be exercised only when (1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal claims."  Kendall v. Russell, 572 F.3d 126, 131 (3d Cir. 2009).

These requirements are met here.  The criminal proceedings against Dr. Vora are ongoing, those proceedings implicate Pennsylvania's important interest in bringing to justice those who violate its criminal laws, and Dr. Vora will have an opportunity to raise federal claims in defending against the charges.  Dr. Vora has not demonstrated "bad faith, harassment or some other extraordinary circumstance, which might make abstention inappropriate."  Anthony v. Council, 316 F.3d 412, 418 (3d Cir. 2003).  Accordingly, the District Court properly concluded that it lacked jurisdiction to review the ongoing state

3

court criminal proceedings. To the extent that Dr. Vora seeks to appeal the denial of her motion for reconsideration, we conclude that the District Court did not abuse its discretion. Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 673 (3d Cir. 1999) (abuse of discretion standard of review). Finally, we note that granting Dr. Vora leave to amend the complaint in the instant case would have been futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

For the foregoing reasons, we conclude that no substantial question is presented by this appeal. See I.O.P. 10.6. Accordingly, we will summarily affirm the District Court's judgment.